IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02155-BNB

ROBERT SCOTT ANDERSON,

      Applicant,

v.

VINCE EDWARDS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER OF DISMISSAL

---

      Applicant, Robert Scott Anderson, is a prisoner in the custody of the Colorado

Department of Corrections at the Kit Carson Correctional Center in Burlington,

Colorado.  Mr. Anderson has filed *pro se* an application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging the validity of his state court conviction and

sentence in Jefferson County District Court case number 06CR102.  For the reasons

stated below, the action will be dismissed for lack of jurisdiction.

      Mr. Anderson previously sought habeas corpus relief in this Court pursuant to 28

U.S.C. § 2254 challenging the validity of the same state court conviction and sentence.

*See Anderson v. Brill*, No. 09-cv-01399-ZLW (D. Colo. Aug. 27, 2009).  Case number

09-cv-01399-ZLW was dismissed because the due process claims Mr. Anderson raised

challenging the validity of his guilty plea were unexhausted and procedurally barred.

Therefore, the Court finds that the instant application is a second or successive

application.  *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (finding

that § 2254 application denied on state procedural default grounds constitutes a disposition on the merits, thus rendering a subsequent § 2254 application second or successive); *Schwartz v. Neal*, 228 Fed. App'x 814, 816 (10th Cir. 2007) (per curiam) (same).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Anderson must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id*. at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Anderson alleges that he has not obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice,

2

transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re Cline*, 531 F.3d at 1252.  The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

Mr. Anderson's claims in the instant action are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Although it appears that the instant action would not be time-barred, it does not appear that Mr. Anderson's claims are likely to have merit and it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Anderson's new claims challenging the validity of his conviction in Jefferson County District Court case number 06CR102.  As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice.  Instead, the action will be dismissed for lack of jurisdiction.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __1st__ day of _____November_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4