FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

October 31, 2012

Elisabeth A. Shumaker
Clerk of Court

In re:

ROBERT SCOTT ANDERSON,

Movant.

No. 12-1420
(D.C. No. 1:11-CV-02155-LTB)
(D. Colo.)

**ORDER**

Before **BRISCOE**, Chief Judge, **EBEL** and **HARTZ**, Circuit Judges.

Robert Scott Anderson moves for authorization to file a second or successive 28 U.S.C. § 2254 application. He seeks to challenge his conviction on the basis that his guilty plea was coerced by the composition of the pool from which his trial jury would have been drawn. We deny the motion.

Court documents reveal that Mr. Anderson raised the same challenge to his conviction in a prior habeas application denied as procedurally barred. *See Anderson v. Brill*, No. 09-cv-1399, 2009 WL 2731273 (D. Colo. Aug. 29, 2009). The denial of a habeas claim on procedural-bar grounds is a disposition on the merits for purposes of the statutory provisions governing second-or-successive claims. *Schwartz v. Neal*, 228 F. App'x 814, 816 (10th Cir. 2007) (following *Carter v. United States*, 150 F.3d 202, 205-06 (2d Cir. 1998), and *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005), and noting this circuit's holding to the same effect prior to passage of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) in *Hawkins v. Evans*,

64 F.3d 543, 547 (10th Cir. 1995)).  Thus, authorization under 28 U.S.C. § 2244(b)(2), which applies only to claims that have "not been presented in a prior application," is categorically unavailable for Mr. Anderson's claim, which is subject, rather, to the unqualified prohibition on repetitive claims in § 2244(b)(1).

We therefore deny the motion for authorization.  This order "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

            Entered for the Court

            ELISABETH A. SHUMAKER, Clerk